Charles W. O'Neill

v.

State of Illinois.

*Opinion filed December 22, 1916.*

Contracts—*when recovery may be had on.* The court reviews the evidence, and makes an award in favor of claimant.

McRoberts, Morgan & Zimmerman, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant, a contractor of Peoria, Illinois, entered into a contract with the Board of Administration of the State of Illinois, whereby he was to provide material and do certain work in connection with some of the cottages at the Peoria State Hospital, South Bartonville, Illinois. He employed I. L. Hartman a sub-contractor to do a part of the work but the work of Hartman was not satisfactory to the Board of Administration, and they declined to accept it. Claimant afterwards contracted with the Peoria Stone & Marble Co., to finish the work which he had sublet to Hartman; the said Peoria Stone & Marble Co., finished same and it was accepted as satisfactory by the Board of Administration. The said Hartman filed a claim with the Board of Administration for $303.59, on account of the work done under claimant's contract, and the Board has withheld that amount insisting they would not pay it until claimant and Hartman had settled their differences.

Later, Hartman entered suit against claimant in the County Court of Peoria County, Illinois, for money alleged to be due him on account of the work done by him in connection with claimant's contract with the State. Claimant filed notice of set off and upon a hearing the Court entered a judgment for claimant in the sum of $50.00.

The appropriation under which the Board of Administration had power to make the contract with the claimant was made by the Forty-eighth General Assembly at the regular biennial session held from January 8, 1913, to June 30, 1913, and this appropriation, together with all other unexpended appropriations lapsed into the State Treasury, as provided by the constitution on the 30th day of September, 1915, and there is no appropriation out of which the amount due claimant on his contract can be paid by the Board of Administration.

Claimant having done the work in a manner satisfactory to the Board of Administration and having adjusted his claim with Hartman, the sub-contractor, in the Civil Courts, we are of the opinion that he should be reimbursed by the State for the money due him.

We therefore make an award to claimant in the sum of $303.59.